IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHAMEKIA LASHAY WRIGHT                                                                         PLAINTIFF

vs.                                              Civil No. 4:19-cv-04051

ANDREW SAUL                                                                                    DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Shamekia Lashay Wright ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this case to the undersigned for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends the ALJ's determination be **AFFIRMED.**

**1.    Background:**

Plaintiff's application for DIB and SSI were filed on June 10, 2016. (Tr. 4). Plaintiff alleged she was disabled due to high blood pressure, migraines, anxiety, bipolar disorder, obsessive compulsive disorder (OCD), and fibromyalgia. (Tr. 211). Plaintiff alleged an onset date of January 1, 2011. *Id.*

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11. These references are to the page number of the transcript itself not the ECF page number.

These applications were denied initially and again upon reconsideration. (Tr. 4). Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted. (Tr. 126-128).

Plaintiff had an administrative hearing on July 26, 2018. (Tr. 30-60). Plaintiff was present and was represented by Linn Reed at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Valerie Hill testified at this hearing. *Id.*

On September 24, 2018, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 4-13). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2018. (Tr. 4, Finding 1). The ALJ also determined that although Plaintiff worked after the alleged disability, Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since the alleged onset date of January 1, 2011. (Tr. 4, Finding 2).

The ALJ determined Plaintiff had the severe impairments of tension and migraine headaches, hypertension, cardiac murmurs, and obesity. (Tr. 4, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 8, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 8-11). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform light work, except because of migraines, should avoid work outdoors in bright sunshine, and avoid work with bright or flickering lights like jobs involving welding or cutting metals. Further, the ALJ found Plaintiff was able to understand, remember, and carryout simple 2- to 3-step tasks, can make simple routine decisions, and can tolerate routine workplace changes. (Tr. 8, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 11, Finding 6). The ALJ found Plaintiff was not capable of performing her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 11, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as silver wrapper with 107,965 such jobs in the nation, housekeeper with 155,463 such jobs in the nation, and fast-food worker with 1,340,497 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 2011, through the date of the decision. (Tr. 12, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 25-29). *See* 20 C.F.R. § 404.968. On January 23, 2018, the Appeals Council declined to review this unfavorable decision. (Tr. 19-24). On May 16, 2019, Plaintiff filed the present appeal. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 15, 17. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or

because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20

C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred (1) in failing to conduct a proper evaluation of her migraine headaches, and (2) in failing to find Plaintiff met a Listing. ECF No. 15, Pgs. 10-18. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 17.

### A. Evaluation of Migraines

Plaintiff argues the ALJ, in evaluating the consistency of her headache symptoms, improperly relied on a lack of diagnostic and physical examination medical findings. Plaintiff is critical that the ALJ relied on a negative MRI report from July 2015. (Tr. 10). However, although the ALJ did considered the MRI report, she also considered other medical and non-medical evidence in reaching a decision.

In the decision, the ALJ considered medical evidence, Plaintiff's testimony, and non-medical evidence. (Tr. 6-11). The ALJ cited 20 C.F.R. §§ 404.1529, 416.929, and SSR 16-3p and acknowledged she was required to consider both objective medical evidence and other evidence. (Tr. 8). The ALJ also set out her review of Plaintiff's medical treatment evidence. (Tr. 9-10). The ALJ also discussed Plaintiff's testimony and referenced aggravating factors, her work history, and daily activities. *Id.*

Finally, although Plaintiff is critical of the ALJ's evaluation her migraine headaches, the ALJ did in fact find Plaintiff's tension and migraine headaches as severe impairments. (Tr. 6). The ALJ conducted a proper evaluation of Plaintiff's migraine headaches.

### B. Listings

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the

physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included tension and migraine headaches, hypertension, cardiac murmurs, and obesity. (Tr. 6, Finding 3). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff argues the ALJ was obligated to evaluate whether Plaintiff's headaches medically equaled Listing 11.02 or 11.03. However, the Social Security Administration revised the listings regarding neurological disorders in 2016 and eliminated Listing 11.03. *See Revised Medical Criteria for Evaluating Neurological Disorders*, 81 Fed. Reg. 43048, 2016 WL 3551949 (July 1, 2016). The effective date of the revised listings was September 29, 2016, and the new rules apply to "claims that are pending on or after the effective date." *Id.* at 43048, 43051. Because the ALJ's decision was issued after the effective date, the Court will review that decision based on the updated listings.

As recognized in Social Security Ruling ("SSR") 19-4p, the SSA now evaluates headaches under Listing 11.02. *See* SSR 19-4p, Evaluating Cases Involving Primary Headache Disorders. SSR 19-4p provides guidance regarding how to evaluate whether a headache disorder medically equals Listing 11.02:

> Epilepsy (listing 11.02) is the most closely analogous listed impairment for an MDI

> of a primary headache disorder. While uncommon, a person with a primary headache disorder may exhibit equivalent signs and limitations to those detailed in listing 11.02 (paragraph B or D for dyscognitive seizures), and we may find that his or her MDI(s) medically equals the listing.

Paragraph B of listing 11.02 requires dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment. Paragraph D of listing 11.02 requires dyscognitive seizures occurring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment, and marked limitation in one area of functioning.

Thus, to establish that her headaches equal either Listing 11.02B or 11.02D, Plaintiff must show headaches whose severity is equal to a dyscognitive seizure occurring at least once every two weeks for three consecutive months despite treatment. The evidence during the relevant time period shows that Plaintiff's headaches were responsive to treatment, and there is no indication that she had headaches that were both frequent and severe over any consecutive three-month period.

Although Plaintiff certainly had headaches during the relevant period, some of which were very severe, Plaintiff simply has not met the high burden of showing that those headaches were so severe, frequent, and unresponsive to treatment that they were equal in severity to Listing 11.02. Thus, Plaintiff's headaches did not medically equal Listing 11.02 during the relevant period.

Whether Plaintiff meets a listed impairment is a medical determination and must be established by medically acceptable clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1525(c), 404.1526(b), 416.925(c), 416.926(b). Plaintiff has not met this burden. I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record.  This Court recommends that the ALJ's decision be affirmed.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of May 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE